**ANN HOWARD DESIGNS, L.P., Plaintiff,**

**v.**

**SOUTHERN FRILLS, INC., Defendant.**

**No. 95 Civ. 5415(RO).**

United States District Court, S.D. New York.

June 5, 1998.

Storch Amini & Munves, P.C., New York City, Bijan Amini, Jane Ettinger, for Plaintiff.

Kenyon & Kenyon, New York City, Stuart J. Sinder, Allen J. Baden, Joel N. Bock, for Defendant.

**OPINION AND ORDER**

OWEN, District Judge.

On February 23, 1998, I dismissed the copyright and trademark infringement claims of plaintiff Ann Howard Designs, L.P. against defendant Southern Frills, Inc., asserted in connection with a number of picture frame designs for which Howard holds registered copyrights. I also dismissed Southern's counterclaims in their entirety, which were scattershot and varied, involving trademark infringement and counterfeiting claims, fraud on the copyright office, deceptive trade practices under both New York and Texas law, as well as tortious interference with business contracts.

Howard's claims were dismissed on the basis that, although Southern's frames were substantially similar, the similarity ran to nonprotectible elements rather than the exact designs that had been copyrighted. Howard's trademark claim was dismissed because any customer confusion between the parties' frames was due to elements designed by independent third-parties, and that—in any event—labelling mitigated confusion. Southern's trademark counterclaim was dismissed on the same basis, with the balance being dismissed because they were found meritless and, indeed, bordering on frivolous.[1] Nevertheless, Southern now moves for costs under Fed.R.Civ.P. 54(d)(1)[2] as a "prevailing party", as well as for attorneys' fees as allowed under the Copyright Act, 17 U.S.C. § 505.[3]

■■■ An award of costs under the Federal Rules lies purely within my discretion. *See McDonnell v. American Leduc Petroleums, Ltd.*, 456 F.2d 1170, 1188 (2d Cir.1972). In order to be a prevailing party under the rule, the party must have succeeded " 'on a significant issue in the litigation that achieves some of the benefits the party sought in

---

**1.** *Ann Howard Designs, L.P. v. Southern Frills, Inc.*, 992 F.Supp. 688, 692 (1998).

**2.** In pertinent part, the Rule provides:
Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]
Fed.R.Civ.P. 54(d)(1).

**3.** In pertinent part, that section provides:
In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party.... Except as otherwise provided by the title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.
17 U.S.C. § 505.

bringing the suit.'" *Screenlife Establishment v. Tower Video, Inc.,* 868 F.Supp. 47, 50 (S.D.N.Y.1994) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Southern argues that dismissal of its counterclaims should not adversely affect its cause here because the counterclaims were "defensive in nature" and "presented issues that were intertwined with the merits of Plaintiffs' claims." *See e.g., Scientific Holding Co., Ltd. v. Plessey Inc.,* 510 F.2d 15 (2d Cir.1974). Howard, however, properly distinguishes the cited case because, there, the counterclaims were either subsumed factually and legally within the plaintiff's claims or *de minimis.* Here, although Southern's trademark counterclaim contained similar issues to those raised by Howard's claims, it was completely meritless under the facts, and Southern's numerous other claims, as said, "border[ed] on frivolous".[4] Moreover, each of those claims presented distinct issues, not the least of which were the elements of "deception" and "unfairness" that were found to be insupportable on the record.[5]

Turning to the Copyright Act, Southern seeks $115,000 in attorneys' fees, arguing that Howard's claim was objectively unreasonable. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 524, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). An award of cost and fees is, however, "by no means automatic", *Littel v. Twentieth Century–Fox Film Corp.,* 37 U.S.P.Q.2d 1796, 1797 (S.D.N.Y.1996), and I agree with Howard that, as noted in my opinion,[6] a substantial similarity and likely confusion did exist between the parties' frames, and that the litigation served to delineate the scope of Howard's rights for those frames which it had registered.

 I conclude that Southern is not entitled to an award of costs or fees in this case. *See, e.g., Stratchborneo v. Arc Music Corp.,* 357 F.Supp. 1393, 1407 (S.D.N.Y.1973). The general rule in this country is that each party assumes its own costs and fees in litigation. *See Fogerty,* 510 U.S. at 533–534, 114 S.Ct. 1023. And, although courts have

recognized that costs and fees can be awarded where one pursues a claim unreasonable on its face, an unsuccessful claim does not necessarily equate with an objectively unreasonable claim. *See CK Co. v. Burger King Corp.,* 1995 WL 29488, *1 (S.D.N.Y. Jan.26, 1995). "[W]here a defendant counterclaims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties." *Srybnik v. Epstein,* 230 F.2d 683, 686 (2d Cir.1956). Here, Southern went beyond defensive counterclaims, asserting every minutely colorable counterclaim conceivable as found in any body of law it could locate. The costs and fees accrued in that effort are its own.

So ordered.

---

**4.** *Ann Howard Designs, L.P.,* 992 F.Supp. at 692.

**5.** *Id.*

**6.** *See Ann Howard Designs, L.P.,* 992 F.Supp. at 690, 691.